United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Austin Tyler Lewis, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:25-cv-04916 |
| v. | § | |
| | § | |
| Deputy Jocelyn Ballard, Deputy | § | |
| Glasgow, Deputy Robert Valentine, | § | |
| Raphael Fernando, Harris County | § | |
| Constable Precinct 7, Harris County | § | |
| Juvenile Probation Office, Harris | § | |
| County Attorney's Office, and | § | |
| Harris County, Texas, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

In this civil rights suit, multiple defendants have filed motions to dismiss Plaintiff Austin Tyler Lewis's claims under Fed. R. Civ. P. 12(b)(6). *See* Dkt. 6 (Deputy Robert Valentine's original motion); Dkt. 14 (Harris County's, Harris County Attorney's Office's, and Harris County Juvenile Probation Office's motion); Dkt. 15 (Rafael Pruneda's motion); Dkt. 16 (Deputy Jocelyn Ballard's motion); Dkt. 17 (Deputy Valentine's renewed motion). Because Lewis failed to respond, the motions are deemed unopposed. *See* S.D. Tex. L.R. 7.4. Having carefully reviewed the motions, Lewis's pleading, and the applicable law, it is recommended that Deputy Valentine's original motion to dismiss (Dkt. 6) be

denied as moot, the remaining motions to dismiss be granted, and that Lewis's claims be dismissed with prejudice. Lewis's claims against Defendants Deputy Glasgow and Harris County Constable Precinct 7 ("Precinct 7") should also be dismissed.

## Background

The following facts are alleged in Lewis's live, first amended complaint. *See* Dkt. 7. They are taken as true at this stage.

This suit stems from an incident on January 12, 2023. On that date, Lewis entered the Harris County Juvenile Probation Office "to submit a public records request" and began recording video footage in the public areas, purportedly as a "journalist documenting government activity for news-gathering purposes ...." *See id.* at 2-3. After the staff summoned law enforcement, Investigator Rafael Pruneda (mistakenly named as Raphael Fernando) and Deputy Glasgow (first name not identified) arrived, detained Lewis, and began questioning him. *Id.* at 3. Another deputy, Jocelyn Ballard, handcuffed and searched Lewis and put him in a patrol car, without explaining why he had been arrested. *Id.*

The same day, after Lewis was released, he went to the Precinct 7 office to file a complaint and request records about his earlier detention. *Id.* at 4. While at the office, Deputy Valentine ordered Lewis to turn off his camera. *Id.* When Lewis refused, Deputy Valentine directed him out of the building and

barred his reentry. *Id.* Following these events, Lewis submitted multiple public records requests for access to body-worn camera footage, reports, photographs, and videos of his arrest, which were ignored. *Id.* at 4-5.

On October 9, 2025—more than two years after the incident—Lewis filed this suit, alleging that the various deputies violated his First, Fourth, and Fourteenth Amendment rights, and that the Harris County entities should be liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Dkt. 1 at 3. His original complaint embeds a request for equitable tolling, asserting without specifics that "Defendants engaged in concealment and spoliation of evidence and continue to refuse compliance with lawful records requests." *Id.*

Deputy Valentine filed a motion to dismiss Lewis's original complaint. Dkt. 6. Lewis did not respond to Deputy Valentine's motion, but filed an amended complaint, Dkt. 7, which multiple defendants moved to dismiss (collectively, the "Moving Defendants"). Dkt. 14 (Harris County's, Harris County Attorney's Office's, and Harris County Juvenile Probation Office's motion); Dkt. 15 (Investigator Pruneda's motion); Dkt. 16 (Deputy Ballard's motion); Dkt. 17 (Deputy Valentine's motion). Lewis did not respond. The motions are ripe for resolution.

## Legal standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

Pro se pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

4

(per curiam)).  But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

## Analysis

As an initial matter, Deputy Valentine's motion to dismiss Lewis's original complaint (Dkt. 6) is moot because Lewis has since filed an amended complaint (Dkt. 7), and Deputy Valentine has filed a renewed motion to dismiss (Dkt. 17).  But as Deputy Valentine and his fellow Moving Defendants assert, most of Lewis's claims are untimely.  And although it is unclear when Lewis's Fourteenth Amendment "due process and spoilation" claim accrued, this claim fails because he fails to allege a cognizable constitutional violation.  Because those deficiencies foreclose every theory of recovery, regardless of the named defendant, all of Lewis's claims should be dismissed with prejudice.

5

## I. Lewis's First and Fourth Amendment claims are barred by the statute of limitations.

Seeking dismissal, Moving Defendants argue that Lewis's claims are barred by limitations, and that there is no basis for tolling. Dkt. 14 at 5-8; Dkt. 15 at 5-8; Dkt. 16 at 5-8; Dkt. 17 at 5-8. Defendants are correct that Lewis's First and Fourth Amendment claims accrued more than two years before he filed suit and are untimely. But it is unclear from Lewis's pleading when the events forming the basis of his Fourteenth Amendment claim occurred, so the Court examines that claim separately. *See infra* Part II.

Although not explicitly invoked in the complaint, Section 1983 supplies the federal cause of action for Lewis's allegations that Defendants violated his constitutional rights. *See Collins v. City of Harker Heights*, 503 U.S. 115, 119-20 (1992) (stating this principle). "Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Texas, the statute of limitations for personal-injury claims is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

The events giving rise to Lewis's First and Fourth Amendment claims occurred on the same day. Lewis claims that he was "retaliated against" for "recording and requesting public records" on January 12, 2023 at the Harris

County Juvenile Probation Office. Dkt. 7 at 2-4; 5. He complains that he was wrongly arrested and subjected to excessive force during that same visit, and that Deputy Valentine further "interfered with [his] protected recording by intimidation" that same day. *Id.* So those claims accrued on January 12, 2023. He therefore had until January 13, 2025—the first business day two years after the incident occurred—to assert his claims. But Lewis filed this suit nine months after the limitations period expired. *See* Dkt. 1 (filed October 9, 2025). Those claims are time-barred.

Lewis did not respond to Moving Defendants' timeliness challenge, which bars him from doing so now. And his complaint failed to articulate any valid basis for excusing his delay.

Because Texas's statute of limitations governs all claims, so too does its tolling principles. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). The Texas Supreme Court "has not articulated a general test for determining when equitable tolling is available …." *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d. 622, 630 (Tex. 2023). But Texas has "recognized two doctrines that may delay accrual or toll limitations: (1) the discovery rule and (2) fraudulent

concealment." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 299 (Tex. 2015); *see also Moon v. City of El Paso*, 906 F.3d 352, 358-59 (5th Cir. 2018) (making the same observation when analyzing timeliness of Section 1983 claims).   Neither exception applies.

The discovery rule "provides a 'very limited exception to statutes of limitations.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996), and applying tolling principles to Section 1983 claim).   It "defers accrual of the cause of action if 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.* (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998)).

There is nothing inherently undiscoverable about Lewis's injury.  Lewis was plainly aware of his encounters with the defendant officers when he was arrested on January 12, 2023.  The discovery rule does not apply.

Nor has Lewis plausibly alleged fraudulent concealment as a basis for tolling the limitations period.  Fraudulent concealment would require that the defendant be "under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs."  *See id.* (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983)). Moreover, tolling based on fraudulent concealment ends when "a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person

to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.* (quoting *Borderlon*, 661 S.W.2d at 909).

At most, Lewis's complaint embeds a conclusory assertion that Defendants concealed, failed to preserve, or destroyed records relating to his arrest. *See* Dkt. 7 at 4-5. But Lewis cannot show that Defendants somehow concealed the *arrest itself*. Because the statute of limitations expired long ago and no basis for tolling applies, Lewis's First Amendment and Fourth Amendment claims against Moving Defendants should be dismissed.

## II.   Lewis lacks a Fourteenth Amendment interest in accessing his arrest records.

As another theory, Lewis alleges that Defendants violated his due process rights by failing to preserve records related to his arrest and by ignoring his requests for those records. Dkt. 7 at 4-5, 6. Lewis does not specify when he made those requests—nor when Defendants purportedly lost those records, *see* Dkt. 1 at 2-3—so it is unclear whether this claim is timely. But, as Defendants correctly argue, Lewis's failure to allege a cognizable right to access those records forecloses his Fourteenth Amendment claim. *See* Dkt. 14 at 11; Dkt. 15 at 13-14; Dkt. 16 at 12-13; Dkt. 17 at 11-12.

"In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a

deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Lewis fails to identify such a protected interest. Both the Supreme Court and the Fifth Circuit have held that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *U.S. v. Brown*, 250 F.3d 907, 915 (5th Cir. 2001) (quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978)); *see also Plustache v. Harrison*, 2023 WL 3197043, at *2 (5th Cir. May 2, 2023) (per curiam) (due process claim based on denied records request "fails because there is no generalized constitutional or federal right to access documents under the control of state agencies or their political subdivisions."). Because Lewis has no Fourteenth Amendment right to the disputed records, this claim is barred as a matter of law.

## III. Lewis's claims against Deputy Glasgow and Precinct 7 are equally deficient.

Defendants Deputy Glasgow and Precinct 7 have not been served nor entered an appearance in this case. *See* Dkt. 25 (Return of Service Unexecuted as to Precinct 7); Dkt. 26 (same as to Deputy Glasgow). But the deficiencies detailed above apply equally to Lewis's claims against those two defendants, which warrants dismissing his claims against them, too.

A district court can dismiss claims on its own motion "as long as the procedure employed is fair." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir.

10

2021) (quotation omitted).  That generally means a court must first provide notice of its intent to dismiss and an opportunity to respond.  *See id.*  But that extra step is unnecessary when there is no prejudice to the plaintiff because the allegations against both defendants are identical, and the reasons for dismissing claims against the moving defendant apply equally to a non-moving defendant.[1]  *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) (affirming *sua sponte* dismissal of claims against non-movants upon concluding that identical allegations against other defendants were properly dismissed); *Vanderbol v. Tuller*, 2019 WL 5691818, at *15 & n.31 (E.D. Tex. Aug. 26, 2019) (using this rationale to dismiss identical claims against nonmoving defendants), *adopted by* 2019 WL 4686362 (E.D. Tex. Sept. 26, 2019).

Under that standard, dismissing Lewis's allegations against Deputy Glasgow and Precinct 7 *sua sponte* would not be prejudicial.  The complaint contains the same allegations against Deputy Glasgow as it does against Deputy Ballard, Deputy Valentine, and Investigator Pruneda, *see* Dkt. 7 at 5-6, and raises the same allegations against Precinct 7 as it asserts against the other municipal defendants, *see id.* at 6.  Lewis had the chance to dispute the

---

[1] Notably, too, the ensuing period for objecting to the undersigned's recommendation further provides another opportunity for Lewis to be heard.  *See Brown v. City of Central*, 2024 WL 546340, at *9 (5th Cir. Feb. 12, 2024) (characterizing this objections period following a magistrate judge's recommendation to dismiss claims *sua sponte* as providing a "fair procedure" before the Court determines whether to adopt the recommendation).

limitations defense and his lack of a protected due process right, but he chose not to do so. Nothing suggests that Lewis has a unique and valid basis to avoid dismissal of his claims against the last two defendants.

Moreover, it would be incongruous not to dismiss his claims against Deputy Glasgow and Precinct 7 when they are equally barred. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2011) (noting "it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); *see also Brown*, 2024 WL 546340, at *2 (affirming dismissal of claims against non-served and non-appearing defendants when claims were also time-barred). Lewis's claims against all Defendants should be dismissed.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Deputy Robert Valentine's initial motion to dismiss (Dkt. 6) should be **DENIED** as moot.

It is further **RECOMMENDED** that Defendants Harris County's, Harris County's Attorney's Office's, and Harris County Juvenile Probation Office's motion to dismiss (Dkt. 14), Investigator Rafael Pruneda's motion to dismiss (Dkt. 15), Deputy Jocelyn Ballard's motion to dismiss (Dkt. 16), and Deputy Robert Valentine's renewed motion to dismiss (Dkt. 17) be **GRANTED**, and that Plaintiff Austin Tyler Lewis's claims against those defendants be **DISMISSED WITH PREJUDICE**.

12

It is further **RECOMMENDED** that Lewis's claims against Defendants Deputy Glasgow and Harris County Constable Precinct 7 be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 15, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

13