United States District Court
Southern District of Texas

**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN TYLER LEWIS, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-04916 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| J. BALLARD, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Austin Tyler Lewis proceeds here *pro se*. He filed this lawsuit, asserting claims against Defendants Harris County and various individual officers pursuant to 42 USC §1983 for alleged retaliation and interference with newsgathering in violation of the First Amendment, unlawful detention and excessive force in violation of the Fourth Amendment, spoliation in violation of the Due Process Clause of the Fourteenth Amendment, and *Monell* liability. See Dkt 7 (amended complaint). The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 4.

Pending are motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Harris County, Harris County Attorney's Office, and Harris County Juvenile Probation Office, Rafael Pruneda, Joscelyn Ballard, and Robert Valentine. Dkts 14–17. Plaintiff didn't respond.

Judge Ho issued a Memorandum and Recommendation recommending that the motions be granted as unopposed because Plaintiff failed to respond. Dkt 33 at 1, citing Local Rule 7.4. For the avoidance of doubt, she also addressed the merits of the motions, concluding that (i) Plaintiff's First

and Fourth Amendment claims are barred by the statute of limitations, and (ii) his Fourteenth Amendment claim fails because he lacks a protected interest in accessing his arrest records. Id at 6–9. She further recommended *sua sponte* dismissal of claims against Precinct 7 and Deputy Glasgow, reasoning that the same deficiencies apply to those claims. Id at 10–12.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 33.

The initial motion to dismiss by Defendant Robert Valentine is DENIED AS MOOT. Dkt 6.

The motions by Defendants Harris County, Harris County Attorney's Office, and Harris County Juvenile Probation Office, Rafael Pruneda, Jocelyn Ballard, and Robert Valentine to dismiss are GRANTED. Dkts 14, 15, 16 & 17.

All claims against those Defendants are DISMISSED WITH PREJUDICE.

All claims against Deputy Glasgow and Harris County Constable Precinct 7 are also DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on ___June 03, 2026___, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge